## Commonwealth v. Fye.

*Constitutional law—Validating acts—Judicial acts of justice of the peace—Act of May 12, 1925.*

The Act of May 12, 1925, P. L. 602, validating acts of a justice of the peace, who had not properly qualified, is unconstitutional, in so far as it attempts to validate matters which are jurisdictional in character, such as a hearing and imposition of a fine in a criminal case under the game laws.

Appeal from summary convictions by a justice of the peace who was not in commission at the time of the hearing. Q. S. Centre Co., Feb. Sess., 1925, No. 1.

*S. D. Gettig,* for Commonwealth.

*N. B.`Spangler* (with him *Ivan Walker),* for defendant.

KELLER, P. J., July 31, 1926.—Edgar A. Fye, this defendant, was arrested Dec. 12, 1924, charged with having killed two female deer, Dec. 11, 1924. At the hearing before S. A. Robinson, who was acting as justice of the peace for Snow Shoe Borough, this county, Dec. 12, 1924, he was convicted and a fine of $200 was imposed upon him. On Dec. 16, 1924, upon the petition of the defendant, an appeal was allowed to the Court of Quarter Sessions for Centre County by the Hon. Arthur C. Dale, then judge of this judicial district.

The question now raised is whether or not the said S. A. Robinson had a right, under the circumstances, to hear and determine this case and to impose a fine upon this defendant, and the court is asked for an interpretation and decree on this preliminary question before the hearing on the merits of the case.

On March 28, 1921, Samuel A. Robinson was appointed and commissioned by the Governor as justice of the peace for Snow Shoe Borough, to serve until the *first Monday of January, 1922.* At the argument, it was admitted that the said Samuel A. Robinson, at the municipal election held in November, 1921, was duly *elected* justice of the peace for said Snow Shoe Borough, but neglected to notify the prothonotary of the county of his acceptance of said office, in consequence of which his name was not certified to the Secretary of the Commonwealth and no new commission as justice of the peace was issued to him by the Governor. Notwithstanding this fact, and apparently in ignorance of the illegality of his actions, Mr. Robinson continued to perform the duties and exercise all the functions of justice of the peace for Snow Shoe Borough, without any warrant of law, from the first Monday of January, 1922, until June 27, 1925, upon which latter date he was again duly appointed and commissioned justice of the peace by the Governor, to serve until the *first* Monday of January, 1926.

It was during the period that Robinson held no legal commission that this defendant was arrested, convicted and a fine of $200 imposed upon him by the former for the killing of two female deer; and, of course, there would be no question as to the illegality of the defendant's conviction and fine were it not for the provisions of the Act of May 12, 1925, P. L. 602, which, according to its caption, was "An act to validate all official actions of any justice of the peace who has heretofore been duly elected, but who failed to notify the prothonotary of acceptance of such election and to receive a commission as justice of the peace, but, nevertheless, has exercised the powers of a justice of the peace." Said validating act states, *inter alia:* "All the acts of such person performed by him in the exercise of the official powers of a justice of the peace, including the acts of taking acknowledgments to deeds and other papers

or instruments and the performance of marriage ceremonies, are hereby declared to have just as full validity and effect in every way, nature and respect whatsoever as though said person had otherwise qualified fully according to law as a justice of the peace for·the entire period of time during which said actions were performed."

The question for the court's decision is whether or not the above-mentioned act is constitutional. It is not local legislation, but general in its terms, and applies to every part of the Commonwealth where the conditions exist as to which its provisions are intended to become operative. It is not an *ex post facto* law, as it is not a *penal* statute, although in this particular case it relates to the validation of certain criminal process before a justice of the peace, *all* of whose acts performed in the exercise of his official powers are attempted to be validated thereby.

The courts in a long series of cases have enunciated the general principle that the presumption is in favor of the constitutionality of a statute, and, *inter alia*, that every reasonable doubt will be resolved in favor of the validity of the enactment: 6 Ruling Case Law, 97, etc., and cases cited; Russ v. Com., 210 Pa. 544; Com. v. Herr, 229 Pa. 132.

It should be remembered that the rule of interpretation for the State Constitution differs totally from that which is applicable to the Constitution of the United States. The latter instrument must have a strict construction; the former a liberal one: Com. v. Hartman, 17 Pa. 118.

It is settled law in Pennsylvania that the legislature has the power to legislate retrospectively on all matters, not penal nor in violation of contracts, not expressly forbidden by the Constitution: Grim v. School District, 57 Pa. 433; Swartz v. Carlisle Borough, 237 Pa. 473, 478.

A curative statute is necessarily retrospective in character and may be enacted to cure or validate errors or irregularities in legal or administrative proceedings, *except such as are jurisdictional or affect substantive rights:* 6 Ruling Case Law, 320.

Remedial statutes may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing, and, in furtherance of the remedy, by curing defects, add to the means of enforcing existing obligations. Such statutes have been held valid, when clearly just and reasonable and conducive to the general welfare, even though they might operate in a degree upon existing rights; and when passed after the commencement of an action disputing the legality of certain proceedings, cured by the passage of such act, may be urged as a defence to such action: 6 Ruling Case Law, 320, 321; Grim v. School District, 57 Pa. 433.

The legislature may, by retroactive statutes, legalize the unauthorized acts and proceedings of subordinate municipal agencies where such acts and proceedings might have been previously authorized by the legislature; it may ratify and confirm any act which it might lawfully have authorized in the first instance, where the defect arises out of the neglect of some legal formality, and, generally, if it possesses power to authorize an act to be done, it can, by a retrospective act, cure any evils which flow from an irregular execution of that power: 6 Ruling Case Law, 321; Swartz v. Carlisle Borough, 237 Pa. 473.

In view of the numerous decisions of the appellate courts of our own and other states relating to constitutional law, and to curative and remedial legislation similar in character to the act in question, it is our opinion that said curative Act of May 12, 1925, P. L. 602, is constitutional and operative in so

Commonwealth v. Fye.

far as it relates to the validation of errors or irregularities in legal or administrative proceedings, but that it is invalid and inoperative as to such matters as are *jurisdictional*, and that the judicial actions of S. A. Robinson in hearing and imposing a fine upon the defendant in the case at bar were of a jurisdictional character, and being illegal at the time of said hearing and imposition of fine, were not validated by the above mentioned act, and we, therefore, decide the preliminary question submitted to us against the Commonwealth.

And now, July 31, 1926, after due consideration, it is hereby ordered and decreed that S. A. Robinson had no legal right or authority to hold a hearing in the case at bar, charging Edgar A. Fye, the defendant, with having killed two female deer and to impose a fine upon him, and the appeal of the said defendant is, accordingly, sustained, and he is directed to be discharged from the further custody of the court.